IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JOSEPH MOORE, JR.,

    Plaintiff,

v.

THOMAS COUNTY PUBLIC LIBRARY SYSTEM,

    Defendant.

Civil Action No. 7:16-CV-28 (HL)

**ORDER**

Plaintiff Joseph Moore, Jr., an African-American man formerly employed by Defendant Thomas County Public Library System, filed this civil rights lawsuit alleging that Defendant discriminated against him in his employment on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and under 42 U.S.C. § 1981, and based on his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Plaintiff further alleges that Defendant retaliated against him for exercising his statutory right to medical leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Defendant now moves to dismiss Plaintiff's claims, arguing that a public library is not an entity that is capable of being sued. For the following reasons, the Court grants Defendant's motion. However, the Court will afford Plaintiff the opportunity to amend his Complaint to name the proper defendant or defendants.

**I.    FACTS**

Plaintiff is an African-American man who worked for Defendant as a System Administrator for approximately 14 years. (Doc. 1, ¶ 6). Plaintiff alleges that in November 2013 he commenced dialysis treatment to address the onset of kidney failure. (Id. at ¶ 7). Plaintiff returned to work on November 17, 2014, and provided Defendant with a medical release indicating that he could return to work with a reasonable accommodation. (Id.).

Plaintiff met with Nancy Tillinghast, the Director of the Library, on December 19, 2014, at which time Plaintiff allegedly learned that Defendant intended to demote him and reduce his pay effective January 2015. (Id. at ¶ 8). Plaintiff contends that Tillinghast informed him that Defendant was demoting him because it did not require two System Administrators. Plaintiff alleges that Defendant actually demoted him as a result of his health issues and because he required medical leave and/or because of his race. (Id. at ¶ 10).

Following his demotion, Plaintiff alleges that "the work environment worsened and he was constructively discharged." (Id.). Defendant subsequently replaced Plaintiff with a white employee with less seniority. (Id.). Plaintiff thereafter filed a charge of discrimination with the Equal Employment Opportunity Commission. (Id. at ¶ 5). Plaintiff filed this lawsuit on March 2, 2016, seeking redress of Defendant's allegedly discriminatory actions.

## II. MOTION TO DISMISS STANDARD

When reviewing a motion to dismiss, the court shall accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271,1273 n. 1 (11th Cir. 1999). The court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682 (1946)). Accordingly, to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III. ANALYSIS

Defendant argues that it should be dismissed as a party to this lawsuit because it lacks the capacity to be sued. "In federal courts, the capacity of an entity of being sued is determined by the law of the state where the court is located." Keene v. Lowndes Cty. Sheriff's Office, 2010 WL 2507312, at *1 (M.D.Ga. June 15, 2010) (citing Fed.R.Civ.P. 17(b)). Georgia law therefore controls in this case. Georgia law as a general matter provides that there are only

3

three classes of legal entities with the inherent power to sue and be sued: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Clark v. Fitzgeral Water, Light, & Bond Comm'n, 284 Ga. 12 (2008) (citation omitted). The parties do not dispute that Defendant as a public library is neither an individual nor a corporation. Accordingly, Plaintiff may only proceed with his lawsuit against Defendant if Georgia law identifies a county library as capable of being sued. See Fed.R.Civ.P. 17(b).

Under Georgia law, even though "a governmental entity need not be explicitly granted the power to sue and be sued to have such capacity, there must be some statutory basis to imply a governmental entity's capacity to be sued." Gordon v. Crisp Cty. Bd. of Comm'rs, 2015 U.S. Dist. LEXIS 176172, at *4 (M.D.Ga. April 1, 2015) (finding that the statute conferring prescribed duties upon the county Board of Commissioners did not include access to the court and hence that the Board was not an entity capable of being sued) (citing Clark, 284 Ga. at 12). Defendant, a county library, is an entity established by the grace of the authority granted by the Georgia Legislature. O.C.G.A. § 20-5-40. Section 20-5-40 provides that "[t]he governing authority of any county . . . may establish a public library system," through one of three methods: (1) by resolution or act at the discretion of the county; (2) by approval of the voters of the county; or (3) by contractual agreement between the governing county authorities. However, as

4

Defendant points out, unlike the statutes granting authority to counties, O.C.G.A. § 36-1-3, or establishing land bank authorities, O.C.G.A. § 48-4-61(b), in drafting the statute authorizing the creation of county libraries, the Legislature included no express statutory provision addressing the right of a county library to sue or be sued.

Plaintiff argues that Defendant's capacity to be subject to suit may be implied through the statutory provision permitting county libraries to enter into contracts. See O.C.G.A. § 20-5-49 (authorizing library systems to enter into contracts "deemed necessary and desirable).[1] But the Georgia Supreme Court has made clear that the power to enter into a contract alone is not sufficient to confer access to the courts: "the simple power to enter into a contract does not necessarily require any access to a court in order for that power to be exercised. As such, the grant of such a power, standing alone, does not carry with it the implied authority to sue or be sued." Clark, 284 Ga. at 15.

The statute authorizing the creation of a county library provides no direct authority demonstrating the Legislature's intent that public libraries have access to the courts. To the contrary, the Legislature saw fit to include provisions specifically eliminating the necessity for a library to access the courts. See

---

[1] Plaintiff also argues that Defendant's capacity to be sued may be implied based on O.C.G.A § 20-5-48, which pertains to ownership of library property, including real property as well as equipment and materials. Review of that code section, though, makes clear that library property is not owned by the library itself but by the library's board of trustees or the county.

O.C.G.A. § 20-5-53. This Code section provides that where a library patron fails to return items borrowed from the library, the library shall provide written notice to the individual to return the property. Id. The notice is to include the relevant Code section and inform the person that continued failure to return the library's property may result in conviction for a misdemeanor offense. Id. In order to redress the loss of property, the library thus must rely upon the involvement of the criminal justice system rather than instituting civil proceedings. Under these circumstances, the Court finds no basis on which to imply that a county library is an entity with the capacity to be sued.

Plaintiff attempts to argue that even if the Court determines that Defendant is not an entity capable of being sued under Georgia law, Plaintiff still may proceed against Defendant in a civil rights action. In support of this position, Plaintiff cites to two cases where courts purportedly permitted civil rights actions to proceed against a library system. See Hooker v. Fulton Cty., 2006 WL 2617142 (N.D.Ga. Sept. 12, 2006); McBride v. Jones, 91 F.3d 163 (11th Cir. 1996). Both of these cases are silent on the relevant issue and provide no discernable guidance. Additionally, the Court finds it clear that applicable case law does not carve out an exception for federal civil rights claims where an entity is otherwise not subject to suit. See, e.g., Presnell v. Paulding Cty., 454 F. App'x 763, 768 (11th Cir. 2011) (affirming dismissal of § 1983 claims against a county sheriff's department because the department is not a legal entity subject to being

sued); Haugabrook v. Cason, 2010 WL 4823485, at *2 (M.D.Ga. Nov. 22, 2010) (dismissing Title VII claims against school board because it lacks the capacity to be sued).

Finding that the Legislature neither expressly nor impliedly instilled county libraries with the authority to either sue or be sued, and concluding that no exception exists permitting a plaintiff to pursue federal civil rights claims against an entity that the law otherwise finds incapable of being sued, the Court grants Defendant's motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss. (Doc. 6). The Thomas County Public Library System is dismissed as a party to this action. The Court will permit Plaintiff the opportunity to amend his Complaint to name the appropriate defendant or defendants. Any amendment must be filed by not later than June 23, 2016.

**SO ORDERED** this 9th day of June, 2016.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks